IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

---

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| PLAINTIFF | ) Criminal Action No. 1:24cr-00044-GNS-(2) |
| v. | ) CHIEF JUDGE GREG N. STIVERS |
| | ) |
| **ISAAC NEWMAN** | ) |
| | ) |
| DEFENDANT | ) |

---

## ARRAIGNMENT ORDER
## RECIPROCAL ORDER OF DISCOVERY

The above-styled case came before the Honorable H. Brent Brennenstuhl, United States Magistrate Judge, in Bowling Green, and was called in open Court on November 25, 2024, for conducting arraignment and detention hearing. The Defendant, Isaac Newman, was present, in custody, and represented by CJA Panel Attorney Jason Hays. Assistant United States Attorney Nicholas Rabold was present for the United States of America. These proceedings were digitally recorded.

Counsel for the Defendant advised the Defendant has retained counsel in this case but is permitting him to stand in for the purposes of arraignment.

As to the matter of arraignment, the Defendant, by counsel, waived formal reading of the Indictment. The Defendant, by counsel, acknowledged his identity, acknowledged that he had received a copy of the Indictment, including the Penalties Page, and acknowledged that he understood the nature of the charges associated therewith.

Thereupon, by counsel, a plea of **NOT GUILTY** was entered to the charges in which he is named in the Three-Count Indictment.

**IT IS ORDERED** that a further proceedings hearing shall be conducted telephonically before Chief Judge Greg N. Stivers on **December 10, 2024, commencing at 2:15 p.m., CST.** The call will be initiated by the Court.

**IT IS FURTHER ORDERED** that the parties proceed to give reciprocal discovery pursuant to the provisions of Rule 16, Federal Rules of Criminal Procedure, and Title 18, United States Code. Section 3500, Jencks Act, subject to the limitations and conditions set forth therein, and including, not by way of limitation, the following:

### The United States

Within seven (7) days after entry hereof, the United States Attorney and the defense counsel shall confer and, upon request, the United States shall permit the defendant to inspect and copy or photograph:

1. Any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the United States, the existence of which is known or by the exercise of due diligence may become known to the United States Attorney;

2. The substance of any oral statement, which the United States intends to offer in evidence at the trial, made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a Government agent;

3. Recorded testimony of the defendant before a Federal Grand Jury which relates to the offense charged;

4. Books, papers, documents, photographs, tangible objects, buildings, or places, or copies or portions thereof, which are within the possession, custody or control of the United States and which the United States intends to introduce as evidence-in-chief at the trial of this case;

5. Results or reports of physical or mental examinations and of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the United States, the existence of which is known, or by the exercise of due diligence may become known, to the United States Attorney and which the United States intends to introduce as evidence-in-chief at the trial of this case;

  6. Copy of the prior criminal record of the defendant, if any, that is within the possession, custody or control of the United States, the existence of which is known, or by the exercise of due diligence may become known, to the United States; and,

  7. Any tape recording made by Government agents of any conversation with the defendant.

## **The Defendant**

  The defendant shall likewise provide to the United States within seven (7) days after entry hereof the following information for the purpose of inspection, examination and photocopying:

  1. All books, papers, documents, photographs, tangible objects, or copies of portions thereof, which are within the possession, custody or control of the defendant and which the defendant intents to introduce as evidence-in-chief at the trial; and,

  2. Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom the defendant intends to call at trial when the results or reports relate to his testimony.

  If, in the judgment of the United States Attorney, it would not be in the interest of justice to make any one or more disclosures set forth above and requested by defense counsel, the disclosure may be declined. A declination of any requested disclosure shall be in writing, directed to defense counsel, and shall specify the types of disclosure that are declined. If the defendant seeks to challenge the declination, or if additional discovery or inspection is sought, defendant's attorney shall confer with the appropriate United States Attorney with a view of satisfying these requests in a cooperative atmosphere without recourse to the Court. The request may be oral or written and the United States Attorney shall respond in like manner.

As to the matter of detention, counsel for the United States advised the United States continues to seek detention in this matter. Counsel for the Defendant advised the Defendant having retained counsel, he is waiving his right to a detention hearing at this time and reserving his right to be heard on a later date with his retained counsel present.

The Court having reviewed the Pretrial Services Report and being otherwise sufficiently advised,

**IT IS THE FINDING OF THE COURT** there is probable cause to accept the Waiver of Detention Hearing. This finding is without prejudice reserving Defendant's right to be heard on the issue of detention on a later date.

**IT IS ORDERED** the Defendant is remanded to the custody of the United States Marshal Service pending all further proceedings.

ENTERED this  November 25, 2024

H. Brent Brennenstuhl
United States Magistrate Judge

Copies to:   Counsel of Record
             US Marshal
             US Probation
             Traci Duff, Case Manager

0/05